UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FORD MOTOR CREDIT COMPANY LLC,

                Plaintiff,

    v.                              7:10-CV-859

PHILIP J. SIMAO, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff commenced the instant action on July 15, 2010 seeking, inter alia, to recover monies owed pursuant to personal guaranties signed by Defendant Picarazzi ("Defendant"). The record evidences that Defendant was properly served copies of the summons and Complaint on September 7, 2010. To date, Defendant has failed to timely file an Answer or otherwise appear in this matter. The Clerk entered default on October 21, 2010. Accordingly, Plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) is properly before the Court.

      Briefly stated, the Complaint alleges that Plaintiff entered into financing agreements with a Ford automobile dealership named B&J Auto Sales, Inc. Defendant was a principal and officer of B&J. Defendant executed individual continuing guaranties of B&J's financial obligations to Plaintiff. B&J defaulted under the financing agreements and under certain later executed forebearance agreements. Defendant has not fulfilled his obligations as guarantor.

Pursuant to certain state court actions, Plaintiff obtained and sold collateral to offset the amounts owed to it.  As of April 27, 2010, the amount of $1,538,390.65 remained outstanding.  Plaintiff seeks to hold Defendant liable for this amount pursuant to his personal guaranty.

Defendants' failure to appear constitutes an admission of all well-pleaded allegations in the Complaint.  H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006).  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . .  Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount."  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Based on the default, Defendant admits that, at all time relevant hereto: (1) he executed personal guarantees on the subject financing agreements; (2) that B&J defaulted under the financing agreements; and (3) that Defendant did not fulfill his obligations as guarantor.

Having reviewed the record, the Court finds that the claimed damages constitute a sum that can be made certain by computation.  Accordingly, an evidentiary hearing is unnecessary.  For the foregoing reasons, Plaintiff's motion for default is GRANTED and is entitled to judgment against Defendant Picarazzi as follows:

- a principal sum of $1,420,503.90.

- pre-judgment interest in the amount of $216,811.39 calculated from April 1, 2009 through December 14, 2010 (calculated pursuant to N.Y.C.P.L.R. §§ 5001, 5004;

    see NML Capital v. Republic of Argentina, 621 F.3d 230, 239-40 (2d Cir. 2010));

    and

    - $500 in costs and disbursements.

IT IS SO ORDERED.

Dated: December 15, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge