UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FORD MOTOR CREDIT COMPANY LLC,

                              Plaintiff,

    v.                                   7:10-CV-859

PHILIP J. SIMAO, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff commenced the instant action on July 15, 2010 seeking, inter alia, to recover monies owed pursuant to personal guaranties signed by Defendant Picarazzi ("Defendant"). The record evidences that Defendant was properly served copies of the summons and Complaint on September 7, 2010. Defendant failed to timely file an Answer or otherwise appear in this matter. The Clerk entered default on October 21, 2010. On,

December 15, 2010, the Court granted Plaintiff's motion for a default judgment.[1]  Presently before the Court is Plaintiff's motion for entry of final judgment as to Picarazzi.

Final judgment can be entered pursuant to Rule 54(b) when there are multiple parties or claims, the rights and liabilities of at least one party has been finally decided, and there is no just reason for delaying entry of judgment.  Fed. R. Civ. P. 54(b).  Here, there are multiple parties and, pursuant to the default judgment against Picarazzi, the rights and liabilities of that party have been finally decided.  That leaves the question of whether there is any just reason for delaying entry of judgment.

Considering the facts that: (1) the ultimate resolution of this case may take months or years; (2) the claim against Defendant is liquidated (the Court already determined the amount to which Plaintiff is entitled); (3) the issues concerning Picarazzo (whether: (a) he fulfilled his obligations as personal guarantor; and (b) whether he failed to appear and defend) are different from those to be litigated against the remaining Defendants (whether they failed to pay under their separate, personal guaranties); and (4) there is little risk of inconsistent damages determinations, the Court finds that there is no just reason for delaying entry of judgment.

---

[1] The underlying facts are as follows:

Plaintiff entered into financing agreements with a Ford automobile dealership named B&J Auto Sales, Inc.  Defendant was a principal and officer of B&J.  Defendant executed individual continuing guaranties of B&J's financial obligations to Plaintiff.  B&J defaulted under the financing agreements and under certain later executed forebearance agreements.  Defendant has not fulfilled his obligations as guarantor.  Pursuant to certain state court actions, Plaintiff obtained and sold collateral to offset the amounts owed to it.  As of April 27, 2010, the amount of $1,538,390.65 remained outstanding.  Plaintiff sought to hold Defendant liable for this amount pursuant to his personal guaranty.

For the foregoing reasons, the Court directs that judgment be entered in favor of Plaintiff and against Defendant Picarazzo as follows:

- a principal sum of $1,420,503.90.

- pre-judgment interest in the amount of $216,811.39 calculated from April 1, 2009 through December 14, 2010 (calculated pursuant to N.Y.C.P.L.R. §§ 5001, 5004; see NML Capital v. Republic of Argentina, 621 F.3d 230, 239-40 (2d Cir. 2010)); and

- $500 in costs and disbursements.

IT IS SO ORDERED.

Dated: Feburary 3, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge